NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN GARDNER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> U.S. FOOD SERVICE, INC., : <br> : <br> Defendant. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 08-CV-5381 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by U.S. Food Service, Inc. ("USF" or "Defendant") to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' motion to dismiss is **granted in part** and **denied in part**.

**I.   BACKGROUND**

Plaintiff, age 46 at the time of the filing of the complaint, was employed by Defendant as a truck driver. Plaintiff was hired in July of 2003 and terminated as of November 3, 2006. At one point, Plaintiff was named "employee of the month." Plaintiff's employment was subject to a collective bargaining agreement ("CBA").

Plaintiff alleges that he was overworked and fatigued in violation of the Department of Transportation ("DOT") and Hours of Service ("HOS") regulations. Plaintiff alleges that on October 26, 2006, Plaintiff notified his supervisor that he had been working an excessive number of hours

and required appropriate resting accommodations. Plaintiff alleges that pursuant to direct order by Mr. Bob Flokey, Plaintiff continued driving and subsequently, an accident ensued.

Plaintiff was advised that he was being terminated as a result of his being in three accidents. Plaintiff, an African American, alleges that a Caucasian driver with a record of four accidents had not been terminated. Plaintiff concludes that his termination was a product of discrimination and in retaliation for notification by Plaintiff of Defendant's DOT and HOS violations as well as concerns regarding compliance with Environment Protection Agency ("EPA") Occupational Safety and Health Administration ("OSHA") regulations.

## II. LEGAL STANDARD

"The [d]istrict [c]ourt, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [is] required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above a speculative level, [ ] on the assumption that all factual allegations in the complaint are true (even if doubtful in fact)." Bell at 555-56.

**III.  DISCUSSION**[1]

    A.  Constitutional Claims

Plaintiff's Complaint asserts a deprivation of rights due under the First Amendment and Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983. Defendant moves to dismiss Plaintiff's constitutional claims on the ground that the First Amendment and Fourteenth Amendment protect individuals against intrusion by the government, not private entities. By contrast, Plaintiff asserts that although a private entity, USF engages in a symbiotic relationship with the state and therefore, USF qualifies as a state actor. As a state actor, Plaintiff contends that Plaintiff may assert a section 1983 claim against Defendant.

"[I]t is well-established that the First Amendment applies only to state actions." Democratic Nat'l Comm. v. Republican Nat'l Comm., 2009 U.S. Dist. LEXIS (D.N.J. Dec. 1, 2009) (citing Cent. Hardware Co. v. NLRB, 407 U.S. 539, 547 (1972)) ("The First and Fourteenth Amendment are limitations on state action, not on [private] action . . . for private purposes."). "The prohibitions of the First Amendment apply only to government actors, not to private entities or persons." Metzler v. Am. Transp. Group, L.L.C., 2008 U.S. Dist. LEXIS 10562, *11 (D.N.J. Feb. 13, 2008) (citing Pub. Util. Comm. of D.C. v. Pollack, 343 U.S. 451, 461 (1952)). Therefore, to claim protection of these constitutional provisions, Plaintiff must demonstrate that the alleged violations "may be fairly attributable to the state." Community Medical Center v. Emergency Medical Services, Inc., 712 F.2d 878, 879 (3d Cir. 1983) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

---

[1] By way of response, in opposition to Defendant's motion, Plaintiff requests that the Court invoke the power, pursuant to Fed. R. Civ. P. 12(e), to compel a more definite statement with respect to alleged deficiencies in the complaint. Plaintiff has already presented the Court with an amended complaint and a second amended complaint has been stricken by Order of this Court. The Court declines to exercise this power at this time.

"Section 1983 requires that the challenged actions be taken 'under color of state law,'" and "[t]his requirement has been treated as the equivalent of the 'state action' element essential under the Fourteenth Amendment." Community Medical Center, 712 F.2d at 880 n.3. By way of inference, the same standard applies to the First Amendment. The United States Supreme Court has developed several approaches for determining whether state action exists, including the "symbiotic relationship" test and the "nexus test." Boyle v. Governor's Veterans Outreach & Assistance Center, 925 F.2d 71, 75 (3d Cir. 1991). "Under the 'symbiotic relationship' test established in Burton v. Wilmington Parking Authority, 365 U.S. 715, 725 (1961), the action will be considered that of the State if the State has 'so far insinuated itself into a position of interdependence with [the acting party] that it must be recognized as a joint participant in the challenged activity. . . .'" Id. "Under the 'nexus' test to which we have referred, state action will be found if 'there is a sufficiently close nexus between the state and the *challenged action* of the regulated entity so that the action may be fairly treated as that of the State itself.'" Id. (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974)).

As stated in Community Medical Center, "[a]s we have previously held, privately owned enterprises providing services that the State would not necessarily provide, even though they are extensively regulated, do not fall within the ambit of *Burton*." 712 F.2d at 881 (citing Blum v. Yaretsy, 457 U.S. 991 (1982)); see Rendell-Baker v. Kohn, 457 U.S. 830 (1982). Similarly, in the instant matter, Plaintiff's basis for state action is that "[t]he government regulates the roads, the amount of hours worked by Defendant's employees, the amount of money they are paid and the insurance requirements of the company." Even reading the complaint in a light most favorable to Plaintiff, extensive government regulation alone is not sufficient to impute Defendant with state

action.  Accordingly, on this ground, Plaintiff's claims alleging deprivation of constitutional protections in violation of 42 U.S.C. § 1983 are dismissed and Defendant's motion is **granted**.

      B.      Fair Labor Standards Act ("FLSA")

Plaintiff's Amended Complaint asserts a claim pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  Defendant asserts that Plaintiff's Amended Complaint fails to "allege that he did not receive minimum wages or that he failed to receive overtime compensation."  However, pursuant to the FLSA claim, the Amended Complaint asserts that "Plaintiff's health and well-being were endangered by Defendant when ordered to continue driving beyond the maximum number of hours allowable under Department of Transportation's (DOS) Hours of Service (HOS), as codified [at] 49 C.F.R. § 395.3 and did not properly compensate the Plaintiff[;] Plaintiff is entitled to payment for lost wages and liquidated damages as well as attorney's fees for these violations of the FLSA, under 29 U.S.C. § 216."

"Under the FLSA, employees who work more than 40 hours per week are entitled to overtime pay unless they fall within one of the FLSA's exemptions." Smith v. Johnson & Johnson, 593 F.3d 280, *8 (3d Cir. 2010); 29 U.S.C. §§ 207, 213.  "After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2007). "Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a 'showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 233 (citing Twombly, 550 U.S. at 555).  The Court concludes that Plaintiff has alleged sufficient facts to overcome a motion to dismiss the claim under the FLSA.  On this ground, Defendant's motion to

5

dismiss is **denied**.

  C.  New Jersey Law Against Discrimination ("NJLAD")

    1.  Age Discrimination

Plaintiff's Complaint asserts a claim pursuant to N.J.S.A. 10:5-1, *et seq.*, alleging that Plaintiff is a member of a protected class by virtue of Plaintiff's age, 44, and race, African American. Plaintiff contends that Defendant "participated in an unlawful employment act when it discriminated against Plaintiff in compensation, terms, conditions and privileges of employment due to his age." Citing Warner v. Fed. Express Corp., Defendant argues that a *prima facie* case of age discrimination pursuant to N.J.S.A. § 10:5-12(a), requires, at a minimum, four standard allegations, including a charge that Plaintiff's employer ultimately filled the position with a person sufficiently younger to permit an inference of unlawful age discrimination. 174 F. Supp. 2d 215, 219 (D.N.J. 2001)[2].

  The Court agrees. "[U]nder the LAD, which specifies no qualifying age, courts have modified the fourth element to require a showing that the plaintiff was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination.'" Bergen Commer. Bank v. Sisler, 175 N.J. 188, 213 (1999) (citing Kelly v. Bally's Grand, Inc., 285 N.J. Super. 422, 429 (App. Div. 1995) (internal citations omitted)). Indeed, as Plaintiff contends, "the prima facie case under *McDonnell Douglas* [sic], however, is an evidentiary standard, not a pleading requirement." Swierkiwicz v. Sorema, N.A., 534 U.S. 506, 510 (2002) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). At the same time, as stated in Twombly, "[f]actual allegations must be enough to raise a

---

[2] Prima face case of age discrimination requires: (1) the Plaintiff was a member of a protected class at the time of discharge; (2) Plaintiff was performing the job at a level that met the employer's legitimate expectations at the time of discharge; (3) his employment was discharged despite this; and (4) his employer ultimately filled the position with a person sufficiently younger to permit an inference of unlawful discrimination.

right to relief above the speculative level."Bell, 550 U.S. at 555-56. "To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." In re Schering-Plough Corp. ERISA Litig., 2007 U.S. Dist. LEXIS 59708, *7 (D.N.J. Aug. 15, 2007), remanded on other grounds, 589 F.3d 585(3d Cir. 2009) (citing Twombly, 550 U.S. at 562). Where the Plaintiff fails to assert an allegation consistent with the fourth element, the Court declines to infuse the complaint with one. On this ground, Plaintiff's age discrimination claim is dismissed and Defendant's motion is **granted.**

      2.      Retaliatory Discharge

Defendant contends, "the activity Plaintiff alleges was the subject of USF's retaliation was not protected under the LAD, and therefore he fails to properly allege the first element of the retaliation claim." Specifically, Defendant cites to the allegation that Plaintiff expressed concern to USF management about adherence to DOT regulations and notification of a fuel spill that Plaintiff contends should have been reported to the EPA in accordance with OSHA regulations. Plaintiff contends that the pleading requirement for asserting a claim of retaliatory discharge has been satisfied given that "Plaintiff did allege in his Amended Complaint that his race was a factor in his termination and that he was treated differently then similarly situated Caucasian employees."

The LAD prohibits the following,

> reprisals against any person because that person has opposed any practices or acts forbidden under [the LAD] or because that person has filed a complaint, testified or assisted in any proceeding under [the LAD] or to coerce, intimidate, threaten or interfere with any person in the exercise of enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [the LAD].

Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 468 (D.N.J. 2009) (citing N.J.S.A. § 10:5-12(d)); Roa v. Roa, 200 N.J. 555, 566 (2010). With respect to an NJLAD retaliation claim, "[a] successful plaintiff must show: (1) the employee engaged in a protected activity known to the defendant; (2) the employee was thereafter subjected to an adverse employment decision; and (3) there was a causal link between the two." Id.

Plaintiff alleges disparate treatment and ultimate termination as a consequence of race, at least in part. Beyond race, Plaintiff asserts that retaliatory discharge occurred as a consequence of reporting complaints or grievances, protected activity. With respect to this claim, Plaintiff has satisfied the requisite pleading standard, therefore, Defendant's motion is **denied**.

    D.       Employee Retirement Income Security Act ("ERISA")

Defendant asserts that Plaintiff has failed to state a claim pursuant to ERISA, contending that "the pleading fails to assert upon which of the many ERISA causes of action upon [sic] Plaintiff rests his claim, what benefits Plaintiff is alleged to have lost, what requirements under ERISA were allegedly evaded, and what damages Plaintiff has allegedly suffered." Plaintiff asserts a violation of ERISA, 29 U.S.C. §1001, *et seq.*, contending that Defendant terminated Plaintiff in an effort to avoid or evade the requirements of ERISA and invoking this Court's jurisdiction pursuant to 29 U.S.C. §§ 4301, 1451. Plaintiff's Amended Complaint merely presents conclusory allegations with respect to this claim. Therefore, on this ground, Defendant's motion is **granted**.

    E.       Defamation

Plaintiff contends that Defendant continues to publish defamatory statements about Plaintiff in the course of arbitration proceedings and to third parties, including that Plaintiff "was a careless and dangerous driver and was therefore terminated." At the same time, the Amended Complaint

indicates that Plaintiff had previously been named employee of the month. The Amended Complaint identifies these third parties as individuals seeking job inquiries. Defendant asserts that the allegations of defamation fail because the purported defamatory statements are protected by privilege.

The New Jersey Supreme Court has "identified the elements of the cause of action for defamation to be: '(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher.'" Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585 (2008) (citing DeAngelis v. Hill, 180 N.J. 1, 13 (2004)).The Court agrees that to the extent the defamatory statement arose during the course of a judicial or quasi-judicial proceeding, the alleged defamatory statement is subject to privilege and therefore, not actionable. Hawkins v. Harris, 141 N.J. 207 (1995). However, to the extent Defendant asserts a qualified privilege concerning statements communicated to prospective employers, that privilege is subject to limitation where (1) the publisher knows the statement is false or the publisher acts in reckless disregard of its truth or falsity; (2) the publication serves a purpose contrary to the interests of the qualified privilege; or (3) the statement is excessively published. Kass v. Great Coastal Express, 152 N.J. 353, 356 (1998)("[A] qualified privilege extends to an employer who responds in good faith to the specific inquiries of a third party regarding the qualifications of an employee."). Given that the privilege, although applicable, is subject to limitation, the Court declines to dismiss the defamation claim at this time. Therefore, on this ground, Defendant's motion is **denied**.

    F.    Breach of Contract

Defendant contends that Plaintiff fails to identify the contract allegedly breached and fails

to allege damages as a consequence of the alleged breach. Moreover, Defendant contends that, to the extent the contract allegedly breached refers to the CBA, that Agreement contains a mandatory arbitration provision requiring dismissal.

"In order to state a claim for breach of contract, a plaintiff must allege 'that the parties entered into a valid contract, that the defendant failed to perform his duties under the contract and that plaintiff sustained damages as a result.'" ACTEGA Kelstar, Inc. v. Musselwhite, 2009 U.S. Dist. LEXIS 52922, *10 (D.N.J. June 22, 2009)(citing Lincoln Harbor Enters, LLC v.M.Y. Diplomat, 2008 U.S. Dist. LEXIS, *5 (D.N.J. Nov. 21, 2008)); see Murphy v. Implicito, 392 N.J. Super. 245 (App. Div. 2007).

Plaintiff alleges that Defendant breached the employment contract in failing to perform or compensate Plaintiff for hours driven and in failing to comply with federal regulations mandating breaks for drivers after a requisite number of hours on the road. As a consequence, Plaintiff alleges monetary damages, including back-pay, interest and lost earnings. Therefore, Plaintiff has established the requisite allegations necessary to state a common law claim for breach of contract. In accordance with Fed. R. Evid. 201, the Court takes judicial notice of the CBA as presented in Exhibit A of Defendant's motion to dismiss and concludes that Section 13 requires arbitration of the underlying breach of contract claim in the instant matter.[3] Section 13 provides:

---

[3] Pursuant to Fed. R. Evid. 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Further, "[a] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Kent v. Tabafunda, 2008 U.S. Dist. LEXIS 47649, *9 (D.N.J. June 19, 2008); See Pension Benefit Guar. Corp. v. White Consul. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

> A.  Any dispute, difference or grievance relating to the interpretation or application of this Agreement shall promptly be submitted to grievance procedure between the Shop Steward and a representative of the employer first, and if then not resolved, then between the Business Agent and a representative of the Employer.
>
> D.  The dispute referred to herein shall include, but shall not be limited to, disputes concerning the discharge of an employee. The discharged employee shall have the right to be present at the proceedings.

Plaintiff's complaint alleges exhaustion of administrative remedies and presents allegations concerning defamatory statements made during the course of arbitration. In accordance with Section 13, Plaintiff's breach of contract claim is subject to arbitration and on this ground, Defendant's motion is **granted**.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **granted in part** and **denied in part** . An appropriate Order accompanies this Opinion.

s/Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:      March  19 , 2010
Original:   Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File